UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IBE TRADE CORP., a Delaware corporation,          :
and ALEXANDER ROVT,                                                     Case No.

                                                                  :

                    Plaintiffs,

                                                                  :

        v.

                                                                  :        COMPLAINT and
ALEXANDER ANATOLYEVICH DUBINSKY and                             JURY DEMAND
TELERADIOKOMPANIA "STUDIA 1+1",                :
a Ukrainian limited liability company,

                                                                  :

                    Defendants.
-------------------------------------------------------------------X

Plaintiffs IBE Trade Corp. and Alexander Rovt, by and through their attorneys at

McDermott Will & Emery LLC, alleges the following as and for its Complaint against the

above-named Defendants:

## INTRODUCTION

1.      Plaintiffs commence this action to prevent and/or remedy Defendants' tortious

interference with Plaintiffs' prospective economic advantage – namely, its competitive bid for

the "tolling agreement" with the Odessa Port Plant for the supply of raw materials and

production of nitrogen-based fertilizers – by the wrongful means of committing acts of

intentional misconduct, including making a number of false and intentionally misleading

statements about the Plaintiffs in an effort to damage the Plaintiffs.

## THE PARTIES

2.      Plaintiff IBE Trade Corp. is a Delaware corporation authorized to conduct

business in the State of New York. Founded in 1991, IBE Trade Corp. has a long history of

being a leading international producer and trader of chemical fertilizers. The principal office and

headquarters of IBE Trade Corp. is located in New York, New York.

3.      Plaintiff Alexander Rovt, a citizen of the United States and resident of Brooklyn, New York, is a self-made billionaire businessman and real estate investor who made his fortune in the trading and manufacture of fertilizer.  Mr. Rovt was born in Mukachevo, now part of Ukraine, immigrated to the United States in 1985, and became a United States citizen in 1992. Mr. Rovt is the president and shareholder of IBE Trade Corp.  Mr. Rovt is generally regarded as a successful businessman, has a reputation as a trustworthy and reliable business partner, and is highly regarded as an expert in the fertilizer industry.

4.      Defendant Alexander Anatolyevich Dubinsky ("Dubinsky") is a Ukrainian citizen, a current deputy in the Verkhovna Rada of Ukraine (Ukrainian parliament), and a member of Ukraine's governing Servant of the People political party.  Prior to his election to the Ukrainian parliament, Dubinsky was known to Ukrainians as a YouTube blogger and a presenter, editor, and creative producer for Teleradiokompania "Studia 1+1", the latter role of which he held from 2014 through 2019, and which position he was required to leave due to his election to the Ukrainian parliament.  Even after his election to the Ukrainian parliament, however, Dubinsky has continued his work as a YouTube blogger.  Upon information and belief, Defendant Dubinsky supplies goods within the State of New York via his dubinskypro.shop website and derives substantial revenue from international commerce.

5.      Defendant Teleradiokompania "Studia 1+1" (Corporate Registration No. EDRPOU 23729809) ("Studia 1+1"), headquartered in Kiev, Ukraine, is a limited liability company organized under the laws of Ukraine.  Studia 1+1 is a Ukrainian-language television channel and member of the 1+1 Media Group.  Its sister channel, also part of 1+1 Media Group, is 1+1 International, which is an international TV channel aimed at the Ukrainian diaspora, broadcasting throughout North America and Europe.  Upon information and belief, Defendant

2

Studia 1+1 supplies broadcasting services in the State of New York and derives substantial revenue from international commerce.

## JURISDICTION & VENUE

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) over this civil action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of New York and Delaware, as Plaintiffs, and citizens of Ukraine, as Defendants.

7.      This Court has personal jurisdiction over the Defendants pursuant to New York CPLR § 302(a)(1) and § 302(a)(3)(ii).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

9.      On or about January 30, 2020, Odessa Port Plant, a state-owned enterprise and public joint stock company in Odessa, Ukraine, officially announced on its website that it was launching a competitive bid process to select a company for a "tolling agreement" involving supply of natural gas as raw materials and for the production at the Plant of ammonia and urea – compounds used as fertilizers.[1]  The deadline for submission of offers was February 24, 2020.

10.      In view of its position as a leading international producer and trader of chemical fertilizers, Plaintiff IBE Trade Corp. is well-positioned to bid successfully on the Odessa Port Plant request for proposals.  Plaintiff IBE Trade Corp. timely submitted its bid for the Odessa Port Plant tolling agreement.

---

[1] Under a "tolling agreement" arrangement, a trader like IBE offers to provide raw material (in this case, natural gas) to a producer (OPP) to produce for the trader finished product (in this case, ammonia and urea).  Each bidder submits its bid for the per ton amount it offers to pay to the producer for the production of ammonia and urea, with the qualified bidder who offers to pay the most winning the tender.

11.     Contemporaneous with the Odessa Port Plant's announcement of its competitive bid process, on January 30, 2020, Defendant Dubinsky posted on his public Facebook page (https://www.facebook.com/dubinskyi/posts/2941999745851564) false and intentionally misleading comments suggesting that Plaintiff Alexander Rovt and his "associates" previously participated in a scheme to offer a $5 million bribe to the head of the Ukrainian State Property Fund ("SPF") for the appointment of the director of the Odessa Port Plant and that "the same situation" is occurring now.

12.     Specifically, Defendant Dubinsky's January 30, 2020 public Facebook post stated:

> "The 5 million dollar bribe to the head of the State Property Fund for the position of director of the Odessa Port Plant was offered, according to rumors, by Alex Rovt's associates."

13.     Mr. Dubinsky's Facebook post included further false and intentionally misleading information about Plaintiff Alexander Rovt by citing a since dismissed lawsuit brought by Universal Trading & Investment Co., Inc. ("Universal Trading") in the United States District Court for the Southern District of New York against the former Ukrainian Prime Minister Yulia Tymoshenko. This lawsuit – entitled *Universal Trading & Investment Co., Inc. v. Yulia Tymoshenko et al.*, No. 1:11-CV-07877 – was commenced on November 4, 2011. In February 2014, more than two (2) years after various criminal investigations of Ms. Tymoshenko began in Ukraine, the criminal cases against her were closed. On June 24, 2014, the Supreme Court of Ukraine rehabilitated Ms. Tymoshenko. On June 17, 2014, Universal Trading's lawsuit against Ms. Tymoshenko was dismissed with prejudice.

14.     Despite Ms. Tymoshenko being cleared of the corruption charges by the Supreme Court of Ukraine and the dismissal with prejudice of Universal Trading's lawsuit against her –

4

both of which occurred more than five and a half (5½) years ago – Mr. Dubinsky's January 30, 2020 Facebook post stated:

> "In 2013, the American company Universal Trading & Investment Co., Inc. (UTICo) filed a lawsuit against Yulia Tymoshenko, accusing her of corruption involving a number of US citizens – including Rovt and Pak.

> "In particular, the plaintiff claimed that in 1995-96 Rovt and Pak transferred huge amounts to the accounts of Tymoshenko's companies so that the then Prime Minister Pavel Lazarenko would give them access to the OPP (Odessa Port Plant).

> "Here we can see the same situation."

15.      Also on January 30 and January 31, 2020, a number of online publications re-published and offered further comment on Dubinsky's above-referenced Facebook post, among them: *http://antikorruptciya.com/stalo-izvestno-kto-predlojil-5-millionov-vziatki-glave-fgi/* ("It has become known who offered a $5 million bribe to the head of the SPF" with photo of "Alex Rovt"); *https://pmg.ua/politics/86454-5-milyoniv-dolariv-u-chomu-nardep-dubinskyy-zvynuvachuye-milyardera-iz-zakarpattya* ("$5 million:  What does Dubinsky accuse the billionaire from Transcarpathia"); *https://antikor.com.ua/articles/355689-hurnalist_5_millionov_dollarov_vziatki_glave_fgi_predlagal_biznesmen_aleksandr_rovt* ("Journalist:  Businessman Alexander Rovt offered a $5 million bribe to SPF head"), just to cite a few.

16.      Picking up on these same false contentions and misrepresentations, Alexander Prepodobnyi – Dubinsky's successor as presenter on Studia 1+1's series *Hroshi* ["*Money*"] – narrated a segment called "Record-breaking bribe.  Whose 5 million dollars is it?"  This video segment is available and accessible on Studia 1+1's website:  https://1plus1.video/groshi/15-sezon/2-vypusk-za-3-fevralya-2020-goda-hto-vidpovist-za-valyutni-spekulyaciyi-ta-shto-proponue-novij-trudovij-kodeks-groshi#player.  This video segment is periodically interrupted

by the advertisements of U.S. companies including, among others, Underarmour, Disney

Resorts, and Citibank.

17.    Specifically, in this segment, which originally aired on Studia 1+1's channel on

February 3, 2020, Alexander Prepodobnyi stated:

> "A bribe of $5 million for a position – not for the president post, not for
> the prime minister post – but for the position of the director of the Odessa
> Port Plant. …Who offered the bribe?  This information is not publicized.
> As a result, who and for which promises was ready to pay such exorbitant
> for Ukraine bribe amount – "Hroshi" ["*Money*"] program has its own
> version [*"theory"*], which state investigators don't tell."

18.    After continuing to build the story in this purported piece of investigative

journalism, the *Hroshi* segment directly implicates Plaintiff Alexander Rovt in the alleged

bribery scheme:

> "According to our information, the person who is primarily interested in
> purchasing the position of the director of the Odessa Port Plant is an
> American billionaire with Ukrainian roots, Alex Rovt.  A native of
> Ukrainian Transcarpathia, included in the list of the richest people in the
> United States, he is the head of the company IBE Trade Corp. that
> specializes in the trade of chemical fertilizers."

19.    Immediately after implicating Mr. Rovt and referencing his company and trade,

the *Hroshi* segment cuts to an interview with Mr. Dmytro Sennichenko, the Head of the State

Property Fund of Ukraine:

> *Interviewer*: "It is said that Alex Rovt is one of the beneficiaries who was
> involved in the scheme, and he had to give you a bribe."
>
> *Mr. Sennichenko*: "In fact, the investigation is still ongoing and we have
> no secrets.  But in the interests of the investigation, I cannot disclose
> details.  The names of interested persons and beneficiaries were voiced
> and we have detained those persons who represented those and other
> side."

20.    Then, after stating that "the secrecy of the investigation prevents the official from

making disclosures," the video story continues to implicate Mr. Rovt in the bribery scheme:

*Voiceover*: "However, it is known that in the late 1990s, the American billionaire with Ukrainian roots already worked with the Odessa Port Plant. The cooperation was very controversial; media reported that Alex Rovt's companies' access to the plant was sponsored by the Ukrainian politicians – Mrs. Tymoshenko and Mr. Lazarenko. Their cooperation with Mr. Rovt was studied as a part of the criminal case in 2012-2013: the American company Universal Trading Investment Co. Inc. openly accused Yulia Tymoshenko of creating a criminal organization. Alex Rovt was named as one of the accomplices. This fact did not prevent Mr. Rovt from officially bidding for the Odessa Port Plant again later in 2016. At that time, IBE Trade Corp. announced its intention to buy the Odessa Port Plant. But something did not work out again."

"And here it is the Year 2020. And here again, but this time not officially, but for a bribe."

The next segment plays random video-montages showing the Plaintiff, Mr. Alex Rovt, with the program's voiceover stating:

"The National Anti-Corruption Bureau of Ukraine has not yet disclosed information about the detained and the organizers. But we are convinced that the details of this scandal will soon become known for all and the names of the participants will be known to the whole world."

21.    As shown above, Defendants intentionally fabricated and disseminated their Odessa Port Plant bribery scheme story to falsely accuse Plaintiffs IBE Trade Corp. and Alexander Rovt of criminal behavior – namely, bribery – in an attempt to blacken Mr. Rovt's character and reputation for trustworthiness and to libel IBE Trade Corp.'s trade reputation for the purpose of tortiously interfering with IBE Trade Corp.'s competitive bid proposal for the aforementioned Odessa Port Plant's request for proposals.

22.    Neither Plaintiff was ever charged with bribery involving the Odessa Port Plant or any other alleged incident. Moreover, neither Plaintiff has ever been named as a party in a civil lawsuit alleging bribery. Plaintiff Alexander Rovt has never met either Ms. Tymoshenko or Mr. Lazarenko. Neither Plaintiff has ever had any communications with Ms. Tymoshenko or

Mr. Lazarenko, and neither Plaintiff has ever had any dealings with either Ms. Tymoshenko or Mr. Lazarenko, or anyone acting on their behalf.

23.     In fact, when the online magazine 24.hu and journalist Márton Sarkadi-Nagy published two online articles on June 2, 2017 and July 3, 2017 that falsely contended – again citing to the above-referenced and now-discredited Universal Trading lawsuit – that Plaintiff Alexander Rovt and his business partner bribed Pavel Lazarenko and Yulia Tymoshenko as part of an alleged *quid pro quo* that allowed Plaintiffs to steal significant quantities of chemical fertilizers from the Odessa Port Plant, they were compelled by the Central District Court of Budapest, Hungary to issue the following retractions:

> "In our article published on 2 June 2017 entitled 'Prime Minister-Level Bribery Case In the Past of the Billionaire Suspected To Be Behind 168 Óra and Klubrádió' we falsely reported that Alexander ROVT stole chemical fertilizers from the Port of Odessa, and in exchange he bribed Pavel LAZARENKO Prime Minister at the time, and Yulia TYMOSHENKO, later Prime Minister of Ukraine, who was working with him.  Furthermore, we falsely reported that World Wide Chemicals Inc. is the company of Alexander ROVT."

> "In our article entitled 'Hungarians Paved the Way for the Distribution of the Giant Factory, with Mr. Torgyán and the Hungarists Around' we falsely reported that Alexander ROVT stole chemical fertilizers from the Port of Odessa, and in exchange he paid off Pavel LAZARENKO, Prime Minister of Ukraine."

> "We apologize to Alexander ROVT for these untrue statements damaging his reputation."

24.     Additionally, as the result of a related criminal proceeding, journalist Márton Sarkadi-Nagy was found guilty of committing defamation before the public at large and was sentenced to perform 312 hours of community service in the form of physical work.

25.     Defendants have used the power of their popular Ukrainian TV channel, Studia 1+1, and online publications, to spread its programming to an international audience through YouTube and other streaming sources.

26.     From 2010 to 2019, Defendant Dubinsky was the editor and creative producer of Studia 1+1.  From 2014 until his election, Defendant Dubinsky was also the host of *Hroshi*. While Defendant Dubinsky has not been officially affiliated with Studia 1+1 since his election to the Ukrainian parliament, the fact that his public Facebook page outlined the Odessa Port Plant bribery scheme and accused Plaintiffs of participation in it a mere few days before *Hroshi*'s alleged "investigative journalism" segment on the same subject demonstrates that the Defendants were working in concert.

### FIRST CAUSE OF ACTION
### (Claim of Tortious Interference with Prospective Economic Advantage by Plaintiffs)

27.     Plaintiffs incorporate by reference all preceding paragraphs and re-allege them as if set forth fully herein.

28.     The competitive bid process initiated by Odessa Port Plant to select a company for a tolling agreement for the supply of raw materials and production of ammonia and urea constitutes a prospective economic advantage or prospective business relationship for Plaintiff IBE Trade Corp. and its shareholder, Plaintiff Alexander Rovt.

29.     Defendants Dubinsky and Studia 1+1 each had knowledge of Plaintiffs' intentions to participate in the tender of Odessa Port Plant.

30.     By and through their actions set forth herein, Defendants have intentionally interfered with Plaintiffs' prospective economic advantage or prospective business relationship without justification.

31.     By and through their actions set forth herein, including their false and intentionally misleading statements to the public and to Ukrainian officials that Plaintiffs had

bribed one or more Ukrainian officials in connection with the Odessa Port Plant, Defendants

used wrongful means to tortiously interfere with Plaintiffs' prospective economic advantage.

32.     By and through their actions set forth herein, Defendants have prejudiced

Plaintiffs' opportunity to obtain the Odessa Port Plant project through a fair and even-handed

competitive bid process conducted in good faith.

33.     Plaintiffs have been damaged by Defendants' tortious interference with Plaintiffs'

prospective economic advantage in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Claim of Trade Libel Per Se by Plaintiff IBE Trade Corp.)**

34.     Plaintiffs incorporate by reference all preceding paragraphs and re-allege them as

if set forth fully herein.

35.     Defendants' statements suggesting that Plaintiff IBE Trade Corp.'s President

Alexander Rovt and/or his associates participated in a scheme to offer a $5 million bribe to the

head of the Ukrainian State Property Fund for the appointment of the director of the Odessa Port

Plant, combined with the Defendants' aforementioned false statements with respect to the current

Odessa Port Plant competitive bid process – including the false statements of Defendant

Dubinsky (detailed in paragraphs 12 and 14 above) that "here we can see the same situation" and

the false statements on the *Hroshi* show (detailed in paragraphs 17-20 above) that "[a]nd here it

is the Year 2020.  And here again, but this time not officially, but for a bribe" – are knowingly

false statements of fact derogatory to Plaintiff IBE Trade Corp.'s business and calculated to

prevent or interfere with business relationships between IBE Trade Corp. and potential business

partners, including Odessa Port Plant.

36.     Defendants' statement that Plaintiff IBE Trade Corp.'s President Alexander Rovt

was previously alleged to have credited accounts of Ms. Tymoshenko's companies with

enormous sums of money in connection with the Odessa Port Plant, referencing a complaint filed against Yulia Tymoshenko and others, which was dismissed in 2014, combined with the Defendants' aforementioned false statements with respect to the current Odessa Port Plant competitive bid process – including the false and intentionally misleading statement of Defendant Dubinsky (detailed in paragraph 14 above) that "here we can see the same situation" and the false statement on the *Hroshi* show (detailed in paragraph 20 above) that "[a]nd here it is the Year 2020.  And here again, but this time not officially, but for a bribe" – are knowingly false statements of fact derogatory to Plaintiff IBE Trade Corp.'s business and calculated to prevent or interfere with business relationships between IBE Trade Corp. and potential business partners, including Odessa Port Plant.

37.     Defendants' aforesaid statements about Plaintiff IBE Trade Corp. constitute trade liable *per se* because they both charge IBE Trade Corp. with committing a serious crime – namely, bribery – and they tend to injure IBE Trade Corp. in its trade and business.

38.     Not only is bribing a public official a serious crime in Ukraine, but it is also a serious crime in the United States – where it constitutes a violation of the Foreign Corrupt Practices Act.

39.     Each of Defendants' aforesaid statements identified by name or by explicit reference – and was "of or concerning" – Plaintiff IBE Trade Corp.

40.     Defendants' knowingly false statements were published throughout New York State and around the world on Facebook, on television, on the internet, and other streaming sites in order to ensure that their knowingly false statements would receive a wide circulation to the general public, business sector, and government officials in Ukraine and worldwide, including in New York and the United States as a whole.

11

41.     Defendants made the aforesaid false statements knowing that they were false or with reckless disregard for their truth or falsity.

42.     Defendants made the aforesaid false statements with ill will and spite, and with wanton, reckless, or willful disregard for their injurious effects on Plaintiff IBE Trade Corp. and its rights.

43.     Defendants' knowingly false statements have caused Plaintiff IBE Trade Corp. to suffer reputational, professional, and economic harm.

### THIRD CAUSE OF ACTION
**(Claim of Defamation Per Se by Plaintiff Alexander Rovt)**

44.     Plaintiffs incorporate by reference all preceding paragraphs and re-allege them as if set forth fully herein.

45.     Defendants' statements suggesting that Plaintiff Alexander Rovt and/or his associates participated in a scheme to offer a $5 million bribe to the head of the Ukrainian State Property Fund for the appointment of the director of the Odessa Port Plant, combined with the Defendants' aforementioned false statements with respect to the current Odessa Port Plant competitive bid process – including the false statements of Defendant Dubinsky (detailed in paragraphs 12 and 14 above) that "here we can see the same situation" and the false statements on the *Hroshi* show (detailed in paragraphs 17-20 above) that "[a]nd here it is the Year 2020. And here again, but this time not officially, but for a bribe" – are false statements of fact that tend to expose Mr. Rovt to public contempt, ridicule, aversion, and disgrace and tend to induce an evil opinion of Plaintiffs in the mind of right-thinking persons.

46.     Defendants' statement that Mr. Rovt was previously alleged to have credited accounts of Ms. Tymoshenko's companies with enormous sums of money in connection with the Odessa Port Plant, referencing a complaint filed against Yulia Tymoshenko and others, which

was dismissed in 2014, combined with the Defendants' aforementioned false statements with respect to the current Odessa Port Plant competitive bid process – including the false and intentionally misleading statement of Defendant Dubinsky (detailed in paragraph 14 above) that "here we can see the same situation" and the false statement on the *Hroshi* show (detailed in paragraph 20 above) that "[a]nd here it is the Year 2020.  And here again, but this time not officially, but for a bribe" – are false statements of fact that tend to expose Mr. Rovt to public contempt, ridicule, aversion, and disgrace and tends to induce an evil opinion of Mr. Rovt in the mind of right-thinking persons.

47.     Defendants' aforesaid statements about Plaintiff Alexander Rovt constitute defamation *per se* because they both charge Mr. Rovt with committing a serious crime – namely, bribery – and they tend to injure Mr. Rovt in his trade, business, and profession.

48.     Not only is bribing a public official a serious crime in Ukraine, but it is also a serious crime in the United States – where it constitutes a violation of the Foreign Corrupt Practices Act.

49.     Each of Defendants' aforesaid statements identified by name or by explicit reference – and was "of or concerning" – Plaintiff Alexander Rovt.

50.     Defendants' false and defamatory statements were published throughout New York State and around the world on Facebook, on television, on the internet, and other streaming sites in order to ensure that their false and defamatory statements would receive a wide circulation to the general public, business sector, and government officials in Ukraine and worldwide, including in New York and the United States as a whole.

51.     Defendants made the aforesaid false and defamatory statements knowing that they were false or with reckless disregard for their truth or falsity.

13

52.    Defendants made the aforesaid false and defamatory statements with ill will and spite, and with wanton, reckless, or willful disregard for their injurious effects on Plaintiff Alexander Rovt and his rights.

53.    Defendants' false and defamatory statements have caused Plaintiff Alexander Rovt to suffer reputational, emotional, professional, and economic harm.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs IBE Trade Corp. and Alexander Rovt hereby demand a trial by jury on all issues so triable.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs IBE Trade Corp. and Alexander Rovt pray for judgment and request that the Court grant the following relief:

A.    Finding that Defendant tortiously interfered with Plaintiffs' prospective economic advantage with respect to the Odessa Port Plant tolling agreement request for proposals by wrongful means – namely, committing acts of intentional misconduct, including making a number of false and intentionally misleading statements about the Plaintiffs in an effort to damage the Plaintiffs;

B.    Ordering Defendants to retract and apologize for the false and intentionally misleading statements described herein;

C.    Awarding compensatory damages to Plaintiffs in an amount to be determined at trial;

D.    Awarding punitive damages to Plaintiffs in an amount to be determined at trial; and

E.    Awarding pre- and post-judgment interests, costs, and such other and further relief as the Court may deem just, equitable, and proper.

Dated:  New York, New York
        February 25, 2020

                          MCDERMOTT WILL & EMERY LLP

                   By:    _____
                          Neil A. Capobianco
                          Brian S. Cousin

                          340 Madison Avenue
                          New York, New York  10173
                          Tel:  (212) 547-5400
                          Fax:  (212) 547-5444
                          ncapobianco@mwe.com
                          bcousin@mwe.com

                          *Attorneys for Plaintiffs*
                          *IBE Trade Corp. and Alexander Rovt*

DM_US 165899409-5.110572.0011

15