**Arnall Golden Gregory** LLP

DC Office
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Direct Phone: 202.677.4908
Direct Fax: 202.677.4909
Email: Richard.Oparil@AGG.com

June 19, 2020

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    **Request For Extension of Time to Respond to Complaint**
               *IBE Trade, et al. v. Dubinsky, et al.*, **20-CV-01666-MKV (S.D.N.Y.)**

Dear Judge Vyskocil:

      I am writing as counsel for defendant Teleradiokompania "Studia 1+1" ("Studia 1+1") to request an extension of time to respond to Plaintiffs' Complaint (ECF No. 1) until August 18, 2020. Pursuant to Fed. R. Civ. P. 6(b) and Rule 2(G) of the Court's Individual Rules of Practice in Civil Cases, the undersigned states as follows:

      Studia 1+1 is a Ukrainian media company. The Complaint alleges causes of action against Studia 1+1 for tortious interference with prospective economic advantage and libel per se. The factual allegations involve a broad range of assertions involving various Ukrainian individuals and entities going as far back as 2011 and referencing a Ukrainian TV broadcast that was apparently made in the Ukrainian or Russian language. *See, e.g.,* Complaint, ¶¶ 16-20.

      Plaintiffs attempted to serve Studia 1+1 pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). The Hague Convention service request was dated as of March 11, 2020. *See* Exhibit 1 at 1. Studia 1+1 received a copy of the Complaint on May 28, 2020 but is unable to ascertain at this time whether it was properly served pursuant to the Hague Convention because counsel was only retained the day before the letter and Plaintiffs have not filed a certificate of service as required by Article 6 of the Hague Convention. If the service on May 28 was valid, Studia 1+1's response would be due on June 18, 2020. However, because of the uncertainty with the validity of service, Studia 1+1 respectfully submits that the response is not due at this time. *See e.g Allstate Ins. Co. v. Hewlett-Packard Co.*, No. 1:13-CV-02559, 2016 WL 613571, at *3-4 (M.D. Pa. Feb. 16, 2016) (holding that service of process was improper for failure to comply with the Hague Convention's certificate of service requirement).

      Moreover, because of the protections provided to foreign parties by the Hague Convention, Plaintiffs are unable to seek default at this time. Plaintiffs have not filed a proof of service and

15107997v5

June 19, 2020<br>Page 2

informed counsel for Studia 1+1 that no certificate of service required by Article 6 of the Hague Convention has been received from the Ukrainian Central Authority. Pursuant to Article 15 of the Hague Convention, in the absence of the Hague Convention certificate of service, Plaintiffs are not permitted to seek default until six (6) months after the transmission of the service request. *See Burda Media, Inc. v Viertel*, 417 F3d 292, 302 (2d Cir 2005) ("Article 15 provides that a member state may permit its courts to enter a default judgment in the absence of a returned Certificate where *at least six months have passed* since the documents were sent to the defendant and the plaintiff has made "every reasonable effort" to obtain a Certificate.") (emphasis added). Since Plaintiffs' service request is dated March 11, 2020, and Plaintiffs have yet to receive the Hague Convention-required certificate of service, Plaintiffs would not be able to seek default until September 11, 2020, at the earliest.

Furthermore, responding to the Complaint would involve extensive factual investigation spanning the continents, the review of a myriad of foreign language materials, and consideration of foreign law implications. Moreover, the COVID-19 situation further complicates preparing Studia 1+1's response including its impact on international travel, possible inability of witnesses to cross international borders, and general slow-down in governmental functions across the world. Counsel for Studia 1+1 was only retained yesterday and immediately contacted counsel for Plaintiffs to seek a stipulation as to the date of response to avoid uncertainties of the international service of process and to allow meaningful time to prepare the response, but was unable to reach an agreement. Plaintiffs' counsel advised that the sought extension is too long and that pursuant to FRCP Rule 12, Studia 1+1 is not entitled to a 90-day waiver of service extension.

Accordingly, Studia 1+1 respectfully requests that the Court set the date for Studia 1+1 to respond to the Complaint on or after August 18, 2020.

Studia 1+1 has made no previous requests for adjournment or extension of time, and as a result there were no previous requests for an extension to grant or deny.

The extension does not affect any other scheduled dates. The extension also would not prejudice Plaintiffs since, as discussed above, pursuant to Article 15 of the Hague Convention, they are unable to seek default until September 11, 2020. On the other hand, not granting an extension would severely prejudice Studia 1+1 because of the international character of this case and the COVID-19 situation.

This request is made without prejudice to and waiver of Studia 1+1's defenses of lack of sufficiency and service of process, personal jurisdiction, *forum non conveniens* or any other applicable jurisdictional defenses.

We thank the Court for its consideration.

15107997v5

June 19, 2020  
Page 3

      Respectfully submitted,

      <u>/s/ Richard J. Oparil</u>

      Richard J. Oparil (RO9269)

15107997v5