USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IBE TRADE CORP. and ALEXANDER ROVT,

    Plaintiffs,

-against-

ALEXANDER ANATOLYEVICH DUBINSKY and TELERADIOKOMPANIA "STUDIA 1+1",

    Defendants.

1:20-cv-1666 (MKV)

OPINION & ORDER

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is the motion of Plaintiffs IBE Trade Corp. and Alexander Rovt for a default judgment against Defendant Alexander Dubinsky [ECF #54]. For the reasons explained below, the motion is DENIED and the complaint against Dubinsky is DISMISSED for lack of personal jurisdiction.

## I.    BACKGROUND

Plaintiff IBE Trade Corp., is an international producer and trader of chemical fertilizers with its principal place of business in New York [ECF #1 ("Cmpl.") ¶ 2]. Plaintiff Alexander Rovt, who was born in Ukraine but is now a U.S. citizen who resides in New York, is the president of the company. Cmpl. ¶ 3. Defendant Alexander Dubinsky is a Ukrainian politician and former television personality. *See id.* ¶ 4. Before his election to parliament, he was a "presenter, editor, and creative producer" for Teleradiokompania "Studia 1+1," a Ukrainian television station. *Id.* ¶¶ 4, 5. Since his election, Dubinsky continues to post commentary on Facebook and YouTube. *See id.* ¶ 4, 26. He also has a website that allegedly sells goods that can be purchased from New York. *See id.* ¶ 4.

In 2020, Odessa Port Plant, a state-owned enterprise in a Ukraine, launched a competitive bidding process for a contract to supply the port with certain materials. *Id*. ¶ 9. Plaintiffs submitted a bid. *Id*. ¶ 10. They maintain that Dubinsky defamed them and interfered with their ability to win the contract.

Specifically, Plaintiffs allege that Dubinsky stated on his Facebook page that, "according to rumors," "Alex Rovt's associates" previously offered a "5 million dollar bribe" in connection with the appointment of the director of the Odessa Port Plant and that "the same situation" was recurring. *Id*. ¶¶ 11, 12, 14. Dubinsky's Facebook post also stated that a civil case against former Ukrainian Prime Minister Yulia Tymoshenko "accus[ed] her of corruption involving a number of US citizens – including Rovt" and, "[i]n particular, the plaintiff [in that case] claimed that . . . Rovt . . . transferred huge amounts to the accounts of Tymoshenko's companies" for "access" to the Plant. *Id.* ¶¶ 13, 14. According to the Complaint, the case against Tymoshenko was later dismissed, and "neither Plaintiff [in this case] has ever been named as a party in a civil lawsuit alleging bribery." *Id.* ¶¶ 14, 22. The Complaint goes on to cite outlets and commentators other than Dubinsky, including his "successor" at Studia 1+1, "[p]icking up on these same false contentions." *Id.* ¶¶ 15–20.

Plaintiffs initiated this action by filing a complaint asserting claims for defamation, libel per se, and tortious interference with their prospective economic advantage against Dubinsky and Teleradiokompania "Studia 1+1" [ECF #1 ("Cmpl.")]. Plaintiffs later voluntarily dismissed the complaint against Teleradiokompania "Studia 1+1" [ECF #35]. The Court then instructed Plaintiffs either to effectuate proper service on Dubinsky and move for a default judgment against him, or to face dismissal of the complaint against Dubinsky for failure to prosecute [ECF

#38, 52]. Plaintiffs moved for a default judgment [ECF #46, 51, 54, 55, 56, 57, 59, 60].[1] The Court held a hearing on July 2, 2021. On the record at the hearing, the Court denied the motion and dismissed for lack of personal jurisdiction.

## II. DISCUSSION

"It is firmly established that 'a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought.'" *de Ganay v. de Ganay*, No. 11-cv-6490 (NRB), 2012 WL 6097693, at *4 (S.D.N.Y. Dec. 6, 2012) (alteration omitted) (quoting *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, No. 04-cv-9338 (WHP), 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005). Establishing personal jurisdiction "requires a two-step analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). First, the Court must evaluate whether the law of the state—here, New York's long-arm statute, N.Y. C.P.L.R. § 302—subjects the defendant to jurisdiction. Second, if New York law would permit the exercise of jurisdiction, the Court must evaluate whether the exercise of jurisdiction would comport with constitutional due process protections. *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017).

This Court lacks personal jurisdiction over Dubinsky. Plaintiffs' own allegations make clear that Dubinsky is a Ukrainian citizen who was at all relevant times living in Ukraine and commenting on Ukrainian affairs. Plaintiffs' arguments that the New York long-arm statute subject Dubinsky to jurisdiction in New York are unpersuasive, and the Court seriously doubts that exercising jurisdiction over Dubinsky would comport with due process.

---

[1] As Plaintiffs' counsel conceded on the record at the July 2, 2021 hearing, there is a question whether Dubinsky was ever properly served. Plaintiffs filed submissions detailing their efforts to serve him and representing that, although he evaded service and proof of service was never obtained, he would be "deemed served" under Ukrainian law [ECF #59, 60]. Plaintiffs argue that service was, therefore, properly effectuated, pursuant to the Hague Convention, under Rule 4 of the Federal Rules of Civil Procedure. Because the Court concludes that it would lack personal jurisdiction over Dubinsky even if he were properly served, the Court does not address whether service was proper.

In their brief in support of their motion for a default judgment [ECF #55 ("Pl. Mem.")], Plaintiffs first argue that Dubinsky is subject to personal jurisdiction under Section 302(a)(1) of the long-arm statute. Under that provision, a defendant who transacts business in New York is subject to personal jurisdiction in New York for claims "arising from" the business he transacts here. N.Y. C.P.L.R. § 302(a)(1). Plaintiffs allege that Dubinsky "maintains an e-commerce shop" that is "accessible to customers within the state of New York and which results in him soliciting and deriving revenue and income for sales generated within the state of New York." Pl. Mem. at 6; *see* Cmpl. ¶ 4. Plaintiffs add that Dubinsky's YouTube channel is accessible from New York and advertises American brands. Pl. Mem. at 6–7. However, none of Plaintiffs claims even arguably "aris[e] from" transactions with New York on those sites. Thus, Section 302(a)(1) does not subject Dubinsky to jurisdiction here.

Plaintiffs next argue that Dubinsky is subject to jurisdiction under Section 302(a)(3)(ii). The statute provides for personal jurisdiction over a defendant who "commits a tortious act," other than "defamation," outside of New York that "caus[es] injury to person or property within the state," provided that the defendant "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii). As Plaintiffs' counsel conceded on the record at the July 2, 2021 hearing, the gravamen of Plaintiffs' Complaint is a defamation action, and Section 302(a)(3)(ii) could only possibly apply to Plaintiffs' claim for tortious interference with their prospective economic advantage. *See also* Pl. Mem. at 8.

Plaintiffs argue that Dubinsky should have expected his conduct to have consequences in New York because IBE and Rovt reside here. *Id.* However, Plaintiffs' claim is that Dubinsky interfered with their ability to win a contract from the Ukrainian government to supply materials

to a Ukrainian port.  The Complaint does not include a single allegation to support the inference that Dubinsky reasonably should have expected his Facebook post to have consequences in New York.  It does not, for example, allege that Dubinsky even knows Rovt and IBE are in New York.  Furthermore, according to Plaintiffs' own Complaint, Dubinsky did not accuse IBE or Rovt of misconduct in connection with the Odessa Port Plant.  The Complaint quotes Dubinsky saying only that, "according to rumors," "Rovt's associates" had offered a bribe and that the plaintiff in a previous civil case had alleged that Rovt paid off the former prime minister.  Cmpl. ¶¶ 11–15.  These allegations are too simply attenuated to "ensure" any "link between [Dubinsky] and New York State."  *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 242–43 (S.D.N.Y. 2010).  The Court, therefore, rejects Plaintiffs' argument that Section 302(a)(3)(ii) subjects Dubinsky to personal jurisdiction in New York.

As the Court explained at the July 2, 2021 hearing, based on the current record, there is reason to doubt that exercising personal jurisdiction over Dubinsky would comport with due process.  Plaintiffs, however, failed to offer any arguments—in their brief or at the hearing—with respect to due process.  Because the Court concludes that it lacks personal jurisdiction over Dubinsky, the Court not only must deny Plaintiffs' motion for a default judgment, but also must dismiss the claims against him.

### III.   CONCLUSION

Plaintiffs' motion for a default judgment [ECF #54] is DENIED.  The claims against Dubinsky are DISMISSED.  Because Dubinsky is the sole remaining defendant, the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Date:  July 2, 2021**            **MARY KAY VYSKOCIL**
**New York, NY**                **United States District Judge**