**MANDATE**

21-1879-cv
IBE Trade Corp. v. Dubinsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 01 2022

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-two.

PRESENT:   JOHN M. WALKER, JR.,
           GUIDO CALABRESI,
           JOSÉ A. CABRANES,
                   *Circuit Judges.*

---

IBE TRADE CORP., A DELAWARE CORPORATION,
ALEXANDER ROVT,

      *Plaintiffs-Appellants,*        21-1879-cv

v.

ALEXANDER ANATOLYEVICH DUBINSKY,

      *Defendant-Appellee.*[1]

---

**FOR PLAINTIFFS-APPELLANTS:**      PAUL M. SOD, Lawrence, NY.

**FOR DEFENDANT-APPELLEE:**      No appearance.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

MANDATE ISSUED ON 06/01/2022

Appeal from an order of the United States District Court for the Southern District of New York (Mary K. Vyskocil, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Chemical fertilizer company IBE Trade Corporation and its president Alexander Rovt (together, "Plaintiffs") sued a member of the Ukrainian parliament, Defendant Alexander Dubinsky, and the Ukranian-language media company Teleradiokompania "Studia 1+1," for which Dubinsky was previously a presenter and creative producer.[2] Plaintiffs alleged that in January 2020, Defendant posted false and misleading information about them on his Facebook page that interfered with their bid to supply natural gas to the Odessa Port Plant, a Ukrainian state-owned enterprise, for ammonia and urea production. Plaintiffs' complaint, filed in the United States District Court for the Southern District of New York, asserted claims of tortious interference with prospective economic advantage, trade libel *per se*, and defamation *per se*. The complaint grounded the District Court's personal jurisdiction over Defendant in two provisions of New York's "long-arm statute," N.Y. C.P.L.R. § 302(a)(1) and 302(a)(3)(ii). Defendant did not appear, and Plaintiffs moved for a default judgment. Following a hearing, the District Court denied the motion and dismissed the complaint for lack of personal jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review *de novo* a decision to dismiss a complaint for lack of personal jurisdiction. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010). In doing so, "we construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (internal quotation marks omitted). Where, as here, "a defendant declines to appear, . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd.*, 619 F.3d at 213.

"A district court's personal jurisdiction is determined by the law of the state in which the court is located," *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010)—in this case, New York.

---

[2] Plaintiffs voluntarily dismissed the claims against Teleradiokompania "Studia 1+1," leaving only claims against Dubinsky on appeal. *See* Record on Appeal, Doc. No. 35.

2

On appeal, Plaintiffs press only their claim of personal jurisdiction under C.P.L.R. § 302(a)(3)(ii).[3] That portion of New York's long-arm statute provides:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who . . . commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Plaintiffs' complaint sounds primarily in defamation, which is exempted from C.P.L.R. § 302(a)(3)(ii). Therefore, the only claim to which C.P.L.R. § 302(a)(3)(ii) might apply is Plaintiffs' claim for tortious interference with prospective economic advantage, the "first cause of action" in the complaint.

Plaintiffs argue that because they are both economic actors generally well-known to reside in New York, this satisfies the requirement that Defendant "should reasonably [have] expect[ed]" that his alleged tortious interference would have had New York consequences for them. But "[i]t is well-settled that 'residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (quoting *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980), alteration in *Troma Entertainment*). And for that reason, "we have rejected as insufficient . . . allegations of 'remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here.'" *Id.* (quoting *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975)). In the face of this precedent, Plaintiffs' theory of personal jurisdiction is untenable.

In sum, the District Court correctly determined that it did not have personal jurisdiction over Defendant based on New York's long-arm statute. It therefore properly denied Plaintiffs' motion for default judgment and dismissed the complaint.

---

[3] Plaintiffs abandon their claim of personal jurisdiction under § 302(a)(1). *See* Appellants' Br. 14 n.4.

3

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 2, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit